IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL T.M. CHOY dba CORINTHIANS FINANCIAL PLANNERS and CORINTHIANS REALTY, | ) ) ) ) | CIVIL NO. 15-00281 SOM-KSC FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO |
| Plaintiff, | ) ) | REMAND |
| vs. | ) ) ) ) | |
| CONTINENTAL CASUALTY COMPANY; ARCH SPECIALTY INSURANCE COMPANY; JOHN DOES 1-20; JANE DOES 1-20; DOE INSURANCE ENTITIES 1-20, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Daniel Choy dba Corinthians Financial Planners and Corinthians Realty's ("Plaintiff") Motion to Remand ("Motion"), filed August 26, 2015.  Defendants Arch Specialty Insurance ("Arch") and Continental Casualty Company ("Continental") (collectively "Defendants") filed opposing memoranda on September 25, 2015.  On October 2, 2015, Plaintiff filed a Reply.

This matter came on for hearing on October 16, 2015.  Alan Van Etten, Esq., and Aaron Loeser, Esq., appeared on behalf of Plaintiff; Gregory Markham, Esq., appeared on behalf of Arch; and Harvey Lung, Esq., and Kristin Shinkawa, Esq., appeared on behalf of Continental.  After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below.

<u>BACKGROUND</u>

On January 6, 2015, Morris Morihiro, as successor trustee of the revocable trust of Isamu Takaki, filed an action against Plaintiff in the Circuit Court of the First Circuit, State of Hawaii. <u>Morihiro v. Choy</u>, Civil No. 15-1-0016-01-JHC.  Morihoro alleges that Plaintiff acted as an insurance agent, financial planner, realtor, and property manager for Takaki, and that Takaki suffered significant losses in certain real estate investments and transactions at the advice of Plaintiff.  The complaint asserts the

2

following claims: 1) breach of agent's fiduciary duty to principal; 2) breach of agent's fiduciary duty to principal of full, fair, and timely disclosure; 3) negligence; 4) fraud; 5) unjust enrichment; 6) breach of implied contract; 7) unconscionability; 8) prima facie tort; and 9) punitive damages.

Continental insured Plaintiff under a Real Estate Professionals Errors and Omissions Policy.  Arch insured Plaintiff under a Securities Broker/Dealer and Registered Representative Errors and Omissions Policy. Continental is defending Plaintiff in the underlying state court action pursuant to a reservation of rights. Arch has denied benefits, including a defense in the state court action.

On June 3, 2015, Plaintiff initiated this declaratory judgment action in the Circuit Court of the First Circuit, State of Hawaii, seeking a declaration of his rights and benefits under the policies issued by Defendants.  In addition, Plaintiff requests attorneys' fees and costs of suit pursuant to Hawaii Revised Statutes ("HRS") § 431:10-242.

Arch removed the action on July 27, 2015, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), and filed an Amended Notice of Removal on August 10, 2015.  On August 26, 2015, Plaintiff filed the instant Motion.

On September 2, 2015, Continental filed a Counterclaim requesting declarations concerning coverage and for reimbursement of defense costs incurred in defending Plaintiff in the state court action.

<u>DISCUSSION</u>

Plaintiff moves to remand this action to state court.  He requests that the Court abstain from exercising its jurisdiction over the present declaratory action because the retention of jurisdiction will result in duplicative and overlapping litigation, and needless determination of a novel and important issue of state law.

Continental argues that jurisdiction is mandatory because of its counterclaim for reimbursement of defense costs incurred in connection with the state

4

court action, as well as Plaintiff's claim for fees and costs.   Alternatively, Continental contends that remand is inappropriate.   Defendants submit that this action should be retained because there is no parallel state proceeding; coverage disputes are not solely reserved for the states; retention will not result in the needless determination of state law; they did not engage in forum shopping; there is no risk of duplicative litigation; and there is no risk of entanglement or procedural fencing.

As an initial matter, the Court notes that it appears to have subject matter jurisdiction over the present action.[1]   "Subject matter jurisdiction is a

---

[1]   District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."   28 U.S.C. § 1332(a).   In the Amended Notice, Arch represented that the amount in controversy exceeded $75,000; that Plaintiff is a resident of Honolulu; that the corporate Plaintiffs are registered trade names of Plaintiff; that it is a citizen of Missouri and New Jersey; and that Continental is a citizen of Illinois.   See Amended Notice of Removal at ¶¶ 2-6.   Arch should have identified Plaintiff's citizenship, not residence.   Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (It is well-

necessary predicate to the issuance of a declaratory judgment," so the question of whether to exercise discretionary jurisdiction only arises if subject matter jurisdiction can be established. <u>United Nat'l Ins. Co. v. R&D Latex Corp.</u>, 242 F.3d 1102, 1107 (9th Cir. 2001) (citing <u>American Cas. Co. v. Krieger</u>, 181 F.3d 1113, 1118 (9th Cir. 1999)); <u>Krieger</u>, 181 F.3d at 1118 (noting that diversity of citizenship was the independent basis for jurisdiction in the district court).  Insofar as subject matter jurisdiction exists, the Court may evaluate the discretionary jurisdiction issue presented in this Motion.

The Declaratory Judgment Act ("DJA"), codified at 28 U.S.C. § 2201(a), provides in relevant part that:

> any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect

---

established that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency").  However, Plaintiff does not challenge the existence of diversity jurisdiction.

of a final judgment or decree and shall be
reviewable as such.

28 U.S.C. § 2201(a).  The Court has the discretion "to
determine whether it is 'appropriate' to grant
jurisdiction in a declaratory relief action based in
diversity."  Gov't Employees Ins. Co. v. Dizol, 176 F.
Supp. 2d 1005, 1017 (D. Haw. 2001) (citing Wilton v.
Seven Falls Co., 515 U.S. 277, 288-89 (1995)); see also
Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800,
803 (9th Cir. 2002) (The "decision whether to exercise
jurisdiction over a declaratory action lies in the sound
discretion of the district court.").  "[T]here is no
presumption in favor of abstention in declaratory
actions generally, nor in insurance coverage cases
specifically."  Id. at 1225; Huth, 298 F.3d at 803.  In
fact, insurers are not "barred from invoking diversity
jurisdiction to bring a declaratory judgment action
against an insured on an issue of coverage."  Gov't
Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th
Cir. 1998) (quoting Aetna Cas. & Sur. Co. v. Merritt,

974 F.2d 1196, 1199 (9th Cir. 1992)) (quotations omitted).

The Court's discretion is governed by the factors enunciated in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942): 1) avoidance of needless determination of state law issues; 2) discouragement of filing declaratory actions as a means of forum shopping; and 3) avoidance of duplicative litigation.  Dizol, 133 F.3d at 1225.  Additionally, the Ninth Circuit considers whether there is a parallel state proceeding.[2]  Phoenix

--------

[2]   The Court may also consider factors such as:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n.5 (quoting American States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994)

Assurance PLC v. Marimed Found. For Island Health Care Training, 125 F. Supp. 2d 1214, 1219 (D. Haw. 2000); see also Dizol, 133 F.3d at 1225.

Before the Court considers the Brillhart and/or other factors, however, it is necessary to determine whether this action includes claims independent of the declaratory relief sought, which would render the exercise of jurisdiction mandatory.  Characterizing Plaintiff's claim for declaratory relief as a breach of contract claim and citing its counterclaim for reimbursement, Continental contends that jurisdiction is mandatory.

District courts should not, as a general rule, remand or decline to entertain claims for declaratory relief when the declaratory action joins other claims (i.e., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief).  United Nat'l, 242 F.3d at 1112 (citing Dizol, 133 F.3d at 1225; Chamberlain v. Allstate Ins. Co., 931

_____

(J. Garth, concurring)) (quotations omitted); Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005).

9

F.2d 1361 (9th Cir. 1991); Maryland Cas. Co. v. Knight, 96 F.3d 1284 (9th Cir. 1996); St. Paul Fire & Marine Ins. Co. v. F.H., 117 F.3d 435 (9th Cir. 1997); Snodgrass v. Provident Life and Acc. Ins. Co., 147 F.3d 1163, 1163 (9th Cir. 1998)).  "If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." Dizol, 133 F.3d at 1225, 1226.  Thus, the Court must ascertain "whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." Snodgrass, 147 F.3d at 1167-68 (citing Knight, 96 F.3d at 1289; Chamberlain, 931 F.2d at 1367).

In the instant action, there are no claims independent of Plaintiff's request for declarations of his rights under the subject policy.  First, the Court disagrees with Continental's argument that Plaintiff's claim for declaratory relief against Arch amounts to a breach of contract claim.  With respect to Arch,

10

Plaintiff alleges that it "denied Mr. Choy benefits owed under the Arch Policies, including a defense against the allegations in Exhibit 'A'.  Therefore, Mr. Choy is entitled to a declaration as to his rights and benefits owed by Defendant Arch under the Arch Policies."  Doc. No. 2, Ex. 1 at ¶ 19.  The foregoing constitutes a request for declaratory relief.

Second, neither Plaintiff's request nor Continental's counterclaim for reimbursement are independent claims that would render jurisdiction mandatory.  As part of his request for declaratory relief, Plaintiff seeks an award of attorneys' fees and costs of suit pursuant to HRS § 431:10-242.  However, this request for monetary relief is not independent; that is, it would not exist if the request for declaratory relief dropped from the case.  See, e.g., Employers Reins. Corp. v. Karussos, 65 F.3d 796, 800 (9th Cir. 1995), overruled on other grounds by Dizol, 133 F.3d 1220 (disagreeing with the party's "contention that simply asking a share of the defense costs to date transforms a declaratory relief action over which

jurisdiction is discretionary into a case which the district court is obligated to hear"); see also Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 755 (9th Cir. 1996), overruled on other grounds by Dizol, 133 F.3d 1220.  Indeed, Plaintiff will only be entitled to a declaration that Defendants pay his fees and costs related to their purported duty to defend and indemnify if he prevails on his other claims for declaratory relief.  Without a declaration of rights under the subject policies, the request for a declaration that Defendants must pay for Plaintiff's attorneys' fees and costs of suit could not stand alone.

The same is true of Continental's counterclaim for reimbursement.  The counterclaim states, in pertinent part:

> 86.  To the extent the Court determines that there is no coverage for the Takaki Action or that coverage for the Takaki Action is limited, amounts paid by Continental on behalf of Choy in connection with uncovered causes of action constitute unjust enrichment to which Choy is not entitled.  Under Hawaii law, Continental has a right of reimbursement to these amounts.

> 87.   Continental is therefore entitled to
> recoup from Choy amounts advanced on his
> behalf in connection with the Takaki Action
> or any portion of the Takaki Action that
> the Court determines is not covered by the
> Policy, and a money judgment against Choy
> in that amount.

Doc. No. 24, Ex. 1. at ¶¶ 86-87.  The Court's inquiry

focuses on "whether the request for reimbursement could

have been sustained in federal court in the absence of

any claim for declaratory relief."  United Nat'l, 242

F.3d at 1113.  Continental argues that its counterclaim

for reimbursement is independent of both its declaratory

relief claims and the Complaint.  Specifically,

Continental asserts that its claim for reimbursement is

in fact an unjust enrichment claim.  While the Court

recognizes that Continental is the master of its

pleadings, the counterclaim, as articulated, does not

state a claim for unjust enrichment.  That Continental

alleges that Plaintiff would be unjustly enriched by the

defense in the state court action if it is ultimately

determined that the state court action claims are

uncovered or only partially covered does not transform a

13

reimbursement claim into one for unjust enrichment.[3]
Thus, for the same reasoning articulated in Burlington
Ins. Co. v. Panacorp, Inc., 758 F. Supp. 2d 1121, 1142
(D. Haw. 2010), the reimbursement claim is not
independent.

Hawaii "courts have not defined the nature or
scope of an insurer's right to reimbursement" and they
"have not addressed an insurer's right to reimbursement
. . . while defending an alleged insured in ongoing
litigation." Burlington, 758 F. Supp. 2d at 1141.
Moreover, even if a right to reimbursement exists when

_____

[3]   "To prevail on an unjust enrichment claim, a
plaintiff must show that:  1) it has conferred a
benefit upon the defendant, and 2) that the retention
of the benefit was unjust." State Farm Fire and Cas.
Co. v. Chung, 882 F. Supp. 2d 1180, 1192 (D. Haw. 2012)
(citation omitted).  It is well settled "that equitable
remedies are not available when an express contract
exists between the parties concerning the same subject
matter." AAA Haw., LLC v. Haw. Ins. Consultants, Ltd.,
CV. No. 08-00299 DAE-BMK, 2008 WL 4907976, at *3 (D.
Haw. Nov. 12, 2008) (citations omitted); Chung, 882 F.
Supp. 2d at 1192 ("As a general rule, '[a]n action for
unjust enrichment cannot lie in the face of an express
contract.'").  Thus, "[w]here the parties to a contract
have bargained for a particular set of rights and
obligations, all claims involving those express rights
and obligations properly lie in contract law and not in
equity." AAA, 2008 WL 4907976, at *3.

an insurer is presently defending an insured in ongoing litigation, "such a right would not be available unless (1) the insurer has already obtained a judgment stating that it had no duty to defend the alleged insured or (2) the insurer joins the reimbursement claim with a declaratory claim seeking such a judgment." Id. Therefore, notwithstanding Plaintiff's request for fees and costs and Continental's request for a declaration concerning monetary relief, the instant action is declaratory in nature, and jurisdiction remains discretionary.  The Court shall accordingly consider the Brillhart factors.

A.   Needless Determination of State Law

        Needless determination of state law may occur when:  there are parallel state proceedings involving precise state law issues; Congress expressly reserved the area of law for the states; and there is no compelling federal interest, i.e. diversity jurisdiction.  Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991), overruled on other grounds by Dizol, 133 F.3d 1220.

1.   <u>Parallel State Proceedings</u>

The parties dispute the existence of a parallel state proceeding.  Where a parallel state proceeding involving the same issues and parties exists at the same time the federal declaratory action is filed,[4] there is a presumption that the declaratory action should be heard in state court.  <u>Dizol</u>, 133 F.3d at 1225; <u>Smith v. Lenches</u>, 263 F.3d 972, 978 (9th Cir. 2001).  This is because it would ordinarily "be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal laws, between the same parties."

---

[4]  More recent Ninth Circuit authority indicates that the Court's evaluation is based on the circumstances existing at the time Plaintiff filed the Motion ("time-of-motion rule"), rather than at the time the complaint was filed ("time-of-filing rule").  <u>See</u> <u>United Nat'l</u>, 242 F.3d at 1111 ("*Krieger* suggests that the time-of-filing rule did not survive this change unaffected. <u>Krieger</u>, 181 F.3d at 1119 ("Under *Dizol*, ... the court was entitled to evaluate the motion to [decline jurisdiction] under the circumstances existing at the time the issue was raised rather than at the time of filing [of the complaint].")).

16

Dizol, 133 F.3d at 1231 (quoting Brillhart, 316 U.S. at 495).

The Ninth Circuit construes "parallel actions" liberally.  Underlying state actions need not involve the same parties nor the same issues to be considered parallel.  "It is enough that the state proceedings arise from the same factual circumstances." Golden Eagle, 103 F.3d at 754-55 (citing American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1017 (9th Cir. 1995), overruled on other grounds by Dizol, 133 F.3d 1220)).  Similarly, in Employers Reinsurance Corp. v. Karussos, the court held that it was an abuse of discretion to retain jurisdiction in contravention of the Hungerford rule that courts should "decline to assert jurisdiction in insurance coverage . . . actions presenting only issues of state law during the pendency of parallel proceedings in state court" even though the state and federal cases raised overlapping, but not identical, factual issues, and the insurer was not a

party to the state court action, 65 F.3d at 798, 800.[5]

"[W]hen an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum of a petition to bring a related claim." Hungerford, 53 F.3d at 1017.

Here, the state court action constitutes a parallel state proceeding.  Ascertaining Defendants' duties will "depend on a comparison of the allegations made in the underlying state court complaint[] with the insurance policies' provisions."  Catholic Foreign Mission Soc'y of Am., Inc. v. Arrowood Indem. Co., 76 F.

---

[5] By contrast, the Ninth Circuit, in American Casualty Co. v. Krieger, found that the district court did not abuse its discretion in deciding that the first Brillhart factor weighed in favor of retaining jurisdiction because "the state tort case did not involve the same legal issues as the federal declaratory action, which centered on the coverage dispute rather than liability issues," 181 F.3d at 1119.  Krieger is still consistent with other Ninth Circuit authority because although it looked at the similarity of the legal issues, it did not overrule or discount the test previously employed in its precedent, which focused on the similarity of factual issues.

Supp. 3d 1148, 1157 (D. Haw. 2014).   In addition, Defendants' duty to defend turns on whether allegations asserted in the state court action raise any possibility of coverage under the relevant policies and their duty to indemnify rests on factual determinations made in the state court action.   Id.   The existence of a parallel state action weighs strongly in favor of declining jurisdiction.

   2.   Area of Law Reserved for the States

        This case involves an area of law reserved for the states.   The dispute solely implicates insurance law, an area of law expressly left to the states by Congress through the McCarran-Ferguson Act.   Robsac, 947 F.2d at 1371 (citing 15 U.S.C. §§ 1011-12 (1988)). Courts abstain from hearing declaratory judgment actions for the construction of insurance policies when "unresolved state law issues are present in a field of law where the state has shown its interest by significant legislative activity and administrative regulation."   Smith v. State Farm Ins. Co., 615 F. Supp. 453, 455 (D. Haw. 1985) (citation omitted).   This is

because "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulations." Karussos, 65 F.3d at 799 (citation and quotations omitted) (alteration in original).

Significantly, an insurer's right to reimbursement is an issue that has yet to be decided by the Hawaii state courts. This Court believes that such an important state law issue should be addressed and resolved by the state courts.

3.    Absence of Compelling Federal Interest

Finally, there is no compelling federal interest. Where, as here, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." Robsac, 947 F.3d at 1371.

Based on the foregoing, the first Brillhart factor weighs heavily in favor of remand.

B.    Forum Shopping

The second Brillhart factor favors neither party. Plaintiff initiated the action in state court

20

and Arch removed the action.  Arch's removal of the
action does not constitute forum shopping, as there is
statutory authority to support the removal based on
diversity jurisdiction.  <u>First State Ins. Co. v. Callan</u>,
113 F.3d 161, 162 (9th Cir. 1997) ("Although
occasionally stigmatized as 'forum shopping,' the desire
for a federal forum is assured by the constitutional
provision for diversity jurisdiction and the
congressional statute implementing Article III.").  This
case simply presents a situation where Plaintiff prefers
state resolution while Defendants favor federal
resolution.  <u>Huth</u>, 298 F.3d at 804.  Accordingly, the
Court finds that this factor is neutral and does not
weigh in favor of accepting or declining jurisdiction.

C.   <u>Duplicative Litigation</u>

The third <u>Brillhart</u> factor favors the
declination of jurisdiction.  The factual issues in the
state court action parallel the factual issues that must
be adjudicated to resolve the coverage dispute.  The
First Circuit Court, which is entertaining the state

court action, can grant the requested declaratory
relief.

D.  Other Factors

The Court finds that other factors also weigh
in favor of declining jurisdiction.  First, this action
would not settle all aspects of the controversy, as
issues in the state court action bear on the coverage
issues presented in this action.  Second, resolution of
the instant action would result in undue entanglement
between the federal and state court systems.  Last,
concerns about procedural fencing/res judicata weigh in
favor of remand.  "Issues of 'res judicata' may arise if
the Court were to reach certain legal or factual issues
before the Hawaii state court reaches those issues in
the underlying lawsuit[]."  Catholic Foreign Mission, 76
F. Supp. 3d at 1160.

In sum, the foregoing factors weigh in favor of
declining jurisdiction.  Continental requests that the
Court stay rather than remand the action.  Because the
Court recommends that the district court decline to
exercise jurisdiction, the case must be remanded and

22

there is no basis for a stay.  Continental relies on
Burlington for the issuance of a stay.  However, with
respect to the issue of a stay, Burlington is
distinguishable.  Burlington was a consolidated action
filed by the insurer in federal court and the court was
faced with either dismissing or staying the action.
Burlington, 758 F. Supp. 2d. at 1139-40 ("[W]here a
district court declines to exercise jurisdiction over a
declaratory judgment action, it 'is authorized, in the
sound exercise of its discretion, to stay *or* dismiss'
the action.") (citation omitted).  As such, the Court
recommends that the district court remand the action to
state court.

<u>CONCLUSION</u>

        In accordance with the foregoing, the Court
HEREBY FINDS AND RECOMMENDS that the district court
GRANT Plaintiff's Motion to Remand, filed August 26,
2015, and remand this action to the Circuit Court of the
First Circuit, State of Hawaii.

23

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, October 20, 2015.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 15-00218 SOM-KSC; CHOY V. CONTINENTAL CASUALTY CO., ET AL.;
FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND