IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL T.M. CHOY dba CORINTHIANS FINANCIAL PLANNERS and CORINTHIANS REALTY, | ) ) ) ) ) | CIVIL NO. 15-00281 SOM/KSC ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT |
| Plaintiff, | ) ) | PLAINTIFF'S MOTION TO REMAND |
| vs. | ) ) ) | |
| CONTINENTAL CASUALTY COMPANY; ARCH SPECIALTY INSURANCE COMPANY; JOHN DOES 1-20; JANE DOES 1-20; DOE INSURANCE ENTITIES 1-20, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**

**I.       INTRODUCTION.**

Defendants Continental Casualty Company and Arch Specialty Insurance Company object to the Magistrate Judge's Findings & Recommendation ("F & R"), which recommended the granting of Plaintiff Daniel T.M. Choy's motion to remand the case to state circuit court.  After reviewing Defendants' Objections to the Magistrate Judge's F & R, the relevant law, and the record in the case, the court overrules Defendants' Objections and adopts the F & R in its entirety.

Pursuant to Local Rule 7.2(d), this court finds the matter suitable for disposition without a hearing.

II.        **BACKGROUND.**

The court incorporates the facts set forth in the F & R, supplementing those facts when necessary.

On January 6, 2015, Morris Morihiro, as successor trustee of the revocable trust of Isamu Takaki, filed a complaint against Choy in the Circuit Court of the First Circuit, State of Hawaii.  Morihiro v. Choy, Civil No. 15-1-0016-01-JHC.  The complaint alleges that Choy, acting as Takaki's insurance agent, financial planner, realtor, and property manager, caused Takaki to suffer significant losses in certain real estate investments and other transactions.  See ECF No. 12-2, PageID #s 284-89.  The complaint asserts claims for 1) breach of agent's fiduciary duty to principal; 2) breach of agent's fiduciary duty to principal of full, fair, and timely disclosure; 3) negligence; 4) fraud; 5) unjust enrichment; 6) breach of implied contract; 7) unconscionability; 8) prima facie tort; and 9) punitive damages.  See id., PageID #s 289-99.

Choy tendered the defense of the suit to his insurers, Continental and Arch.  See id., PageID # 279.  Continental, which insured Choy under a Real Estate Professionals Errors and Omissions Policy, is defending Choy in the underlying state court action subject to a full reservation of its rights.  See id. However, Arch, which insured Choy under a Securities Broker/Dealer and Registered Representative Errors and Omissions

2

Policy, has denied coverage, as well as a defense in the state court action.  See id.

Choy initiated the instant declaratory judgment action on June 3, 2015, in the state circuit court where the Takaki Action is being heard.  See ECF No. 12-2.  Choy is seeking a declaration of his rights and benefits under the policies issued by Defendants.  See id.

Arch removed the action to federal court on July 27, 2015, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), and filed an Amended Notice of Removal on August 10, 2015.  See ECF No. 1.

Choy filed a motion to remand the case to state circuit court on August 26, 2015.  See ECF No. 19.  Soon after, Continental filed a counterclaim requesting declarations concerning coverage and reimbursement of defense costs incurred in defending Choy in the state court action.  See ECF No. 24.

On October 20, 2015, the Magistrate Judge issued the Findings and Recommendation to Grant Plaintiff's Motion to Remand.  See ECF No. 41.  Continental filed Objections to the Magistrate Judge's F & R on November 3, 2015.  See ECF No. 42. On November 6, 2015, Arch filed its joinder in Continental's Objections.  See ECF No. 43.

III.        STANDARD OF REVIEW.

Congress has empowered magistrate judges, upon referral of dispositive pretrial motions by district judges, to conduct hearings and issue findings and recommendations regarding dispositive pretrial motions.  See 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b) (promulgating rule).

A district judge reviews a magistrate judge's findings and recommendation prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Fed. R. Civ. P. 72(b).  If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo.  Fed. R. Civ. P. 72(b)(3); Local Rule 74.2.  The district judge may consider the record developed before the magistrate judge.  Local Rule 74.2.  The district judge also has discretion to receive further evidence. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; see also United States v. Raddatz, 447 U.S. 667, 676 (1980) (district judge has wide discretion in deciding whether to allow new evidence).  The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de novo hearing is not ordinarily required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Boulware, 350 F. Supp. 2d 837, 841 (D. Haw.

4

2004); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record.  See United States v. Bright, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

## IV.        ANALYSIS.

Defendants request that this court reject the Magistrate Judge's F & R and deny Choy's motion to remand, or, in the alternative, enter a stay pending the outcome of the Takaki Action.  See ECF No. 42, PageID #s 1489, 1511-12.  Defendants' Objections largely repeat the arguments rejected by the Magistrate Judge.  Defendants' arguments remain unpersuasive.

### A.    Jurisdiction Is Not Mandatory.

Defendants argue that the Magistrate Judge erred by not concluding that this court has mandatory jurisdiction over the claims asserted here.  See ECF No. 42, PageID #s 1494-95.

There is no dispute that this court has subject matter jurisdiction based on diversity of citizenship and the requisite amount in controversy.  That does not, however, end the jurisdictional analysis.  Choy seeks relief under the Declaratory Judgment Act, and the "decision whether to exercise jurisdiction

over a declaratory action lies in the sound discretion of the district court." Huth v. Hartford Ins. Co. Of the Midwest, 298 F.3d 800, 803 (9th Cir. 2002).

"[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)); see also N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. C06-795RSM, 2008 WL 53180, at *2 (W.D. Wash. Jan. 3, 2008) ("The Ninth Circuit rule is that jurisdiction is mandatory . . . only if the non-declaratory claims can exist independently of the declaratory claims, such that they could survive even if the declaratory claims vanished." (citing United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1112-13 (9th Cir. 2001)).

"[T]he proper analysis, then, must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed." United Nat'l, 242 F.3d at 1112. "If the monetary claim could have been asserted only along with the declaratory claim, and the case is 'primarily declaratory in nature,' abstention may

be appropriate." <u>Burlington Ins. Co. v. Panacorp, Inc.</u>, 758 F. Supp. 2d 1121, 1140 (D. Haw. 2010) (quoting <u>United Nat'l</u>, 242 F.3d at 1112–13).

Defendants argue that Continental's counterclaim for reimbursement is an independent claim for unjust enrichment. <u>See</u> ECF No. 42, PageID #s 1497-1500. This court disagrees.[1] The counterclaim seeks reimbursement "[t]o the extent the Court determines that there is no coverage for the Takaki Action or that coverage for the Takaki action is limited." ECF No. 24-1, PageID # 1133; <u>see id.</u> (Continental alleging that it is "entitled to recoup from Choy amounts advanced on his behalf in connection with the Takaki Action or any portion of the Takaki Action that the Court determines is not covered by the Policy, and a money judgment against Choy in that amount"). As the Magistrate Judge correctly noted, Continental's claim for reimbursement "would not exist if the request for declaratory relief dropped from the case." ECF No. 41, PageID # 1467.

Defendants point to <u>United National</u> as holding that a district court has mandatory jurisdiction over a claim by an insurer that "seek[s] reimbursement for certain defense costs already expended in underlying litigation." ECF No. 42, PageID #

---

[1] While a counterclaim is irrelevant to subject matter jurisdiction, this court examines the counterclaim for purposes of determining whether it should exercise its discretion to retain jurisdiction over this declaratory action. <u>United Nat'l</u>, 242 F.3d at 1113 n.12.

1498 (citing United Nat'l, 242 F.3d at 1113).  This very argument was considered but rejected in Burlington.  758 F. Supp. 2d at 1142.  Burlington pointed out that the holding in United National was specific to California law, which differs in a critical respect to Hawaii law with regard to an insurer's right to reimbursement.  Burlington, 758 F. Supp. 2d at 1133.  In United National, the Ninth Circuit concluded that the reimbursement claim could constitute an independent claim for monetary relief because "[a]n insurance company's right to seek reimbursement for certain defense costs already expended in underlying litigation . . . was declared by the California Supreme Court in Buss v. Superior Court, 939 P.2d 766 (Cal. 1997)."  United Nat'l, 242 F.3d at 1113.  Burlington noted, however, that, "Unlike the California courts, the Hawai'i courts have not defined the nature or scope of an insurer's right to reimbursement."  Burlington, 758 F. Supp. 2d at 1133.

        After a careful analysis of relevant Hawaii Supreme Court case law, the Burlington court concluded that, "allowing an insurer to exercise an independent right to reimbursement . . . before it obtains a declaratory judgment would be wholly inconsistent with, and likely constitute a breach of, its duty under established law to undertake the defense in good faith."  Burlington, 758 F. Supp. 2d at 1141 (citation omitted).  This court agrees with the reasoning of the Burlington court, and

concludes that Continental's request for reimbursement does not constitute an independent claim for monetary relief that triggers this court's mandatory jurisdiction.

Defendants' next contention is that Choy's declaratory relief claim also includes an independent claim for monetary relief to the extent it seeks an order that Arch "pay the benefits owed under the Arch Policies."  See ECF No. 42, PageID # 1495.  Yet this argument is undermined by the plain language of Choy's request.  The very wording of the request for "benefits owed under the Arch Policies" makes clear that it is entirely dependent on the court's determination that Choy is entitled to coverage by Arch.

Defendants next urge the court to recognize Choy's declaratory relief claim as an independent breach of contract claim.  A breach of contract claim requires a showing of damages. See, e.g., Castro v. Wells Fargo Bank, N.A., No. CV 12-2393 RSWL AGRX, 2012 WL 2077294, at *1 (C.D. Cal. June 6, 2012) ("The elements for a breach of contract claim are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages." (citation omitted)).  Choy is not seeking money damages for Arch's failure to defend, because he has not yet suffered any damages, given Continental's provision of a full defense.  While Continental's provision of that defense is subject to a

reservation of its rights, Choy has not had to spend any money to defend himself in the Takaki Action.  See ECF No. 33, PageID # 1411.  With no present damages, and Defendants contesting coverage, Choy has elected to seek a declaration that they must defend him in the underlying state action and indemnify him if he is found liable for a covered claim.  See ECF No. 12-2, PageID # 279.  Choy's claim is declaratory in nature.

Having concluded that jurisdiction is not mandatory, the court now considers whether it should exercise its discretion to retain jurisdiction over the instant matter.

### B.    The Brillhart Factors Weigh in Favor of Remand.

Under Brillhart and its progeny, in determining whether to retain jurisdiction over a claim for declaratory relief: (1) the district court should avoid needless determination of state law issues; (2) it should discourage litigants from filing declaratory actions as a means of forum shopping; and (3) it should avoid duplicative litigation.  See Dizol, 133 F.3d at 1225.

Defendants argue that, in applying the Brillhart factors, the Magistrate Judge erred in concluding that remand was proper.  See ECF No. 42, PageID # 1501.  Based on a de novo review, this court concludes that the application of the Brillhart factors to this case weighs in favor of abstention.

1.   **Needless determination of state law issues**.

Under the first <u>Brillhart</u> factor, "A needless
determination of state law may involve an ongoing parallel state
proceeding regarding the precise state law issue, an area of law
Congress expressly reserved to the states, or a lawsuit with no
compelling federal interest (e.g., a diversity action)."
<u>Burlington</u>, 758 F. Supp. 2d at 1142 (citations and quotation
marks omitted).

a.   **"Parallel Proceedings."**

"[W]hen an ongoing state proceeding involves a state
law issue that is predicated on the same factual transaction or
occurrence involved in a matter pending before a federal court,"
the actions are considered "parallel proceedings."  <u>Am. Nat'l</u>
<u>Fire Ins. Co. v. Hungerford</u>, 53 F.3d 1012, 1017 (9th Cir. 1995);
<u>see also</u> <u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750,
755 (9th Cir. 1996), <u>overturned on other grounds by</u> <u>Dizol</u>, 133
F.3d 1220 (concluding that, for actions to be considered
"parallel proceedings," "[i]t is enough that the state
proceedings arise from the same factual circumstances" as the
federal proceedings).  When such parallel proceedings exist, "the
state court is the more suitable forum for a petitioner to bring
a related claim."  <u>Hungerford</u>, 53 F.3d at 1017.

That test is satisfied here.  The state action and this
federal action arise from the same factual circumstances, i.e.,

Choy's dealings with Takaki.  Indeed, "Defendants' duty to defend

turns on whether allegations asserted in the state court action

raise any possibility of coverage under the relevant policies and

their duty to indemnify rests on factual determinations made in

the state court action."  ECF No. 41, PageID # 1475 (citing

Catholic Foreign Mission Soc'y of Am., Inc. v. Arrowood Indem.

Co., 76 F. Supp. 3d 1148, 1157 (D. Haw. 2014)).

Defendants do not challenge the Magistrate Judge's

finding that the federal and state actions arise from the same

factual circumstances.  They instead challenge the validity of

the "same factual circumstances" test articulated in Golden Eagle

and Hungerford and applied by the Magistrate Judge.  See ECF No.

42, PageID # 1503.  Defendants contend that Dizol overruled

Golden Eagle and Hungerford to the extent Dizol held that, "If

there are parallel state proceedings involving the same issues

and parties pending at the time the federal declaratory action is

filed," there is a presumption that the entire suit should be

heard in state court.  See id. (quoting Dizol, 133 F.3d at 1225).

In Defendants' view, the statement in Dizol must be

read to mean that a district court should retain jurisdiction

unless the parallel state proceedings involve the same issues and

parties pending at the time the federal declaratory action is

filed.  See ECF No. 42, PageID #s 1503-04.  Far from it.  The

statement only means that, when the federal and state proceedings

involve the same issues and parties, this alone creates a presumption that the entire suit should be heard in state court. See Dizol, 133 F.3d at 1225; see also Smith v. Lenches, 263 F.3d 972, 978 (9th Cir. 2001) ("We have interpreted that language [in Dizol] to mean that if there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit be heard in a state court.").

Even when a federal action does not involve exactly the same issues and parties as the underlying state action, if the actions arise out of the same factual circumstances, the federal and state actions may still constitute parallel proceedings that weigh in favor of abstention. See, e.g., Bituminous Cas. Corp. v. Kerr Contractors, Inc., No. CV 10-78-MO, 2010 WL 2572772, at *5 (D. Or. June 22, 2010); Catholic Mut. Relief Soc. of Am. v. Roman Catholic Bishop of Helena, Mont., No. CV 12-189-M-DLC, 2013 WL 704486, at *3 (D. Mont. Feb. 27, 2013). In other words, the statement in Dizol does not circumscribe the types of actions that constitute parallel proceedings; it simply clarifies that only those parallel proceedings that involve the same parties and issues will, by themselves, give rise to a presumption that the entire suit should be heard in state court. In this regard,

<u>Dizol</u> did not overrule the "same factual circumstances" test articulated in <u>Golden Eagle</u> and <u>Hungerford</u>.[2]

The underlying state court lawsuits are sufficiently parallel to this federal action.  This factor weighs in favor of abstention.

> **b.  Whether the Federal Action Involves an Area of Law Expressly Left to States by Congress.**

"When state law is unclear, absent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an uncertain and ephemeral interpretation of state law."  <u>Burlington</u>, 758 F. Supp. 2d at 1142 (brackets and quotation marks omitted) (quoting <u>Allstate Ins. Co. v. Davis</u>, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006)).

It is well established that regulation of insurance is an area of law expressly left to the states by Congress.  <u>See, e.g.</u>, <u>Allstate Ins. Co. v. Tucknott Elec. Co., Inc.</u>, No. 14-CV-01804 SC, 2014 WL 5408324, at *3 (N.D. Cal. Oct. 23, 2014)

---

[2] This test is still regularly applied by other district courts in this jurisdiction.  <u>See, e.g.</u>, <u>SFPP, L.P. v. Union Pac. R. Co.</u>, No. LA CV15-01954 JAK, 2015 WL 3536881, at *11 (C.D. Cal. June 3, 2015) (stating that "[i]t is enough that the state proceedings arise from the same factual circumstances" (quoting <u>Golden Eagle</u>, 103 F.3d at 754-55)); <u>Lexington Ins. Co. v. Silva Trucking, Inc.</u>, No. 2:14-CV-0015 KJM-CKD, 2014 WL 1839076, at *9 (E.D. Cal. May 7, 2014) (same); <u>Catholic Mut. Relief Soc.</u>, 2013 WL 704486, at *2 (same).

("Insurance law is an area that Congress has expressly left to the states through the McCarran-Ferguson Act, a consideration other courts have found compelling in declining jurisdiction." (citations and quotation marks omitted)).

For their part, Defendants acknowledge that "this case presents an issue of Hawaii state law that has not been squarely decided by the Hawaii Supreme Court—-namely, an insurer's right to reimbursement of defense costs incurred in connection with uncovered claims." See ECF No. 42, PageID # 1488. Because retaining jurisdiction over the removed action would require this court to decide this unresolved issue of state law, the better option is to remand this case to the state court. See Keown v. Tudor Ins. Co., 621 F. Supp. 2d 1025, 1032 (D. Haw. 2008); see also Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807, 815-16 (6th Cir. 2004) ("Where as here, there are two potential unresolved questions of state law concerning state regulated insurance contracts, this consideration weighs against exercising jurisdiction.").

### c.  Whether the Lawsuit Involves a Compelling Federal Interest.

Third, this court agrees with the Magistrate Judge's conclusion that there is no compelling federal interest in this case. See ECF No. 41, PageID # 1476. "Where, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir. Thus, the

15

Brillhart policy of avoiding unnecessary declarations of state law is especially strong here." Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991), overturned on other grounds by Dizol, 133 F.3d 1220.

### 2. Discouraging Litigants from Filing Declaratory Actions as a Means of Forum Shopping.

The second Brillhart factor concerns discouraging litigants from filing declaratory actions as a means of forum shopping. This factor is neutral given the lack of anything in the record suggesting forum shopping.

Defendants argue that the Magistrate Judge erred by not finding that Choy had engaged in forum shopping by artfully pleading a breach of contract claim as one for declaratory relief. See ECF No. 42, PageID #s 1507-08. Defendants rely primarily on United National, contending that Choy's claim is analogous to the breach of contract claim there that the court found to be artfully pled as a declaratory relief claim.

As discussed above, however, this court is not persuaded that Choy's claim for declaratory relief is a disguised breach of contract claim.

Nor does United National support Defendants' argument. In that case, the insured asserted two claims for declaratory judgment after having been subjected to separate lawsuits. The insured was denied coverage for both. United Nat'l, 242 F.3d at

1107.  The critical circumstance in <u>United National</u> was that, by the time the insured filed its claims for declaratory judgment, only one of the underlying suits was still pending, the other having already been settled.  <u>Id.</u>  Given these circumstances, the <u>United National</u> court noted that an insured "would ordinarily file [one] breach of contract claim (to remedy the breach for which damages were known)," and one claim for declaratory relief regarding the case that was still pending.  <u>Id.</u> at 1114.  The insured's filing of two declaratory relief claims, in the <u>United National</u> court's view, demonstrated that the insured was attempting to circumvent mandatory federal jurisdiction through artful pleading.  <u>Id.</u>

No analogous circumstance exists here.  The Takaki Action is still pending, and any damages are at this time speculative.  Choy was entitled to file a declaratory action under these circumstances.  Notably, Choy was the first to file a declaratory action and did so in the forum in which the underlying action is being litigated.  This does not indicate forum shopping by Choy.

This court agrees with the Magistrate Judge's finding that, for their part, Defendants do not appear to have engaged in forum shopping.

Accordingly, the second <u>Brillhart</u> factor does not weigh in favor of or against retaining jurisdiction.

### 3.   **Avoiding Duplicative Litigation**.

Under the third <u>Brillhart</u> factor, "duplicative
litigation may be a concern if determining [the insurers']  duties
to Defendants would require the determination of issues that the
state court will address in the underlying actions." <u>See, e.g.,</u>
<u>Gemini Ins. Co. v. Kukui'ula Dev. Co. (Hawaii), LLC</u>, No. CV
10-00637 LEK-BMK, 2011 WL 3490253, at *8 (D. Haw. Aug. 10, 2011);
<u>see also</u> <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Aero Jet</u>
<u>Services, LLC</u>, No. CV-11-01212-PHX-DGC, 2011 WL 4708857, at *5
(D. Ariz. Oct. 7, 2011) (concluding that the third <u>Brillhart</u>
factor weighed in favor of remand because facts at issue in the
state court action had to be litigated to determine insurance
coverage in the federal action); <u>Catholic Foreign Mission</u>, 76 F.
Supp. 3d at 1160 (concluding this factor weighed in favor of
abstention because "the factual issues in the underlying state
lawsuits parallel the factual issues which must be resolved to
determine the insurance coverage issues").

With respect to declaratory actions concerning
insurance coverage, "[q]uestions involving the duty to indemnify
generally raise more concern [of duplicative litigation] than do
questions involving the duty to defend." <u>Bituminous</u>, 2010 WL
2572772, at *5 (citing <u>Am. States Ins. Co. v. Dastar Corp.</u>, 318
F.3d 881, 890 (9th Cir. 2003)).  This is because, although the
duty to defend is determined by looking to the allegations in the

complaint, the duty to indemnify hinges on factual determinations that are separate from the allegations in the complaint. Cf. Dairy Rd. Partners v. Island Ins. Co., Ltd., 992 P.2d 93, 108-09 (Haw. 2000).

Here, the risk of duplicative litigation stems from Choy's assertion that Defendants owe a duty to indemnify him. Addressing this assertion requires this court to determine facts also at issue in the underlying state court action. This cannot be avoided given Defendants' coverage positions.

The complaint in the underlying state court action asserts claims that premise Choy's liability on his misconduct as both a financial planner and a realtor. See ECF No. 44-2, PageID #s 1566-75. The negligence claim, for example, alleges that Choy had a duty as Takaki's certified financial planner to exercise reasonable care in providing advice, but breached that duty when he instructed Takaki to obtain a reverse mortgage on his existing home to purchase a new investment property. See id., PageID #s 1570-71. As another example, the fraud claim alleges that Choy misrepresented the risk of several financial endeavors, including the method of procuring funding for the purchase of the new property. See id., PageID # 1571. The breach of implied contract claim alleges that,

> 113. Mr. Takaki entered into an implied
>      contract with Defendant Choy, in which
>      Defendant Choy would provide services,

19

> including advisory financial planning
> and investment management services.
> . . .
>
> 117. Defendant Choy breached his contract
> with Mr. Takaki by failing to provide
> such advisory financial planning and
> investment management services and
> instead took financial advantage of Mr.
> Takaki, which resulted in loss to the
> Trust.

Id., PageID #s 1572-73.

Continental and Arch have taken competing coverage
positions dependent on whether Choy's potential liability arises
out of his conduct as a financial planner or as a realtor.
Continental insured Choy under a Real Estate Errors and Omissions
Policy, but argues that the claims against Choy arose out of
Choy's misconduct as a financial planner.  Thus, Continental's
counterclaim alleges:

> The Takaki Action therefore is based on and
> arises out of Choy's alleged operations and
> activities as an insurance agent and/or
> broker, investment manager, and financial
> planner . . . . Continental therefore is
> entitled to a declaration that, even if the
> Takaki Action were a claim under the Policy,
> Exclusion M would bar defense and indemnity
> coverage for the Takaki Action.

ECF No. 24-1, PageID #s 1128-29.  See also id., PageID # 1131
(counterclaim requesting a "declaration that the policy does not
in any event afford defense or indemnity coverage for those
allegations against Choy d/b/a Corinthians Financial Planners or

20

those allegations not based on the rendering of professional real estate services").

Arch, which insured Choy under a Securities Broker/Dealer and Registered Representative Errors and Omissions Policy, has denied coverage based on its view that the claims arise out of Choy's alleged misconduct as a realtor.  In a letter to Choy denying coverage, Arch noted:

> The Complaint is based upon Choy's alleged recommendations to Takaki to purchase real estate properties at above-market prices and thereafter sell them at below-market prices with resultant identified losses.  The sale of real estate does not qualify as Professional Services, as defined above. Although the Complaint references Choy as a financial planner and insurance salesman and that he sold Takaki a General Electric Capital Assurance Co. long-term care insurance policy, a Symentra Life Ins. Co. insurance policy, a Jackson Ins. policy and unspecified products of GWN Securities, here are no allegations of a Wrongful Act related to same and no alleged Loss related to same. The Claim is not seeking Loss as a result of any actual or alleged rendering or failing to render Professional Services, as defined above.  As the Claim made against Choy and/or Corinthians Financial Planners does not involve a Wrongful Act, coverage is not triggered under the Insuring Agreement.

ECF No. 44-3, PageID #s 1579-80.

Resolution of Defendants' duties, if any, to indemnify Choy thus depends on several factual issues yet to be determined in the underlying state action.  See, e.g., State Farm Fire & Cas. Co. v. Jenkins, No. CV 08-00220 ACK-LEK, 2009 WL 529083, at

21

*7 (D. Haw. Mar. 3, 2009) ("If the district judge finds that there was a duty to defend, resolving the duty to indemnify may involve issues that the state court will determine.  Even if such issues are not readily apparent at the present time, they may arise through discovery and further litigation in this case and the Underlying Action."); Bituminous, 2010 WL 2572772, at *5 (concluding that third Brillhart factor weighed in favor of declining jurisdiction because, "when deciding plaintiffs' duty to indemnify, the Court would likely determine [issues central to the state court proceeding involving various tort and contract claims], and that factual determination would likely influence, or conflict with, factual determinations in the state court proceeding").  For these reasons, the instant case raises the risk of duplicative litigation.

This court agrees with the Magistrate Judge in concluding that this factor weighs in favor of abstention.

### C.   The Dizol Factors Weigh in Favor of Declining Jurisdiction.

In addition to the Brillhart factors, the court may consider a number of additional factors, including:

> 1) whether the declaratory action will settle all aspects of the controversy; 2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory action is being sought merely for the purpose of procedural fencing or to obtain a "res judicata" advantage; or 4) whether the use of a declaratory action will result in

22

> entanglement between the federal and state
> court systems.  In addition, the district
> court might also consider 5) the convenience
> of the parties; and 6) the availability and
> relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n.5.

Several of these factors weigh in favor of declining

jurisdiction here.  First, the federal action for declaratory

relief will not settle all aspects of the controversy, which

includes the underlying state action consisting of various tort

and contract claims.  See e.g., Owners Ins. Co. v. Monte Vista

Hotel, No. CV 09-8095-PCT-MHM, 2010 WL 447343, at *4 (D. Ariz.

Feb. 4, 2010).  Second, although resolution of the federal action

would clarify the relationship between the insurers and Choy, any

benefit would be outweighed by the "price of clarification."  See

Bituminous, 2010 WL 2572772, at *6 ("Any declaratory judgment

action that meets the jurisdictional requirements of Article III

will, by definition, clarify some aspect of a relationship

between the parties.  The real question is the price of that

clarification, which is calculated in terms of 'judicial

administration, comity, and fairness to the litigants.'" (citing

Chamberlain, 931 F.2d at 1367)).  The high price of clarification

in this instance would include entanglement of the federal and

state court systems if the court were to "interject itself into

the fact finding process already under way in state court."

Nat'l Chiropractic Mut. Ins. Co. v. Doe, 23 F. Supp. 2d 1109,

1123 (D. Alaska 1998).  The other factors do not weigh in favor of or against remand.

On balance, the Dizol factors favor the court's declining of jurisdiction over the instant case.

### D.   Remand to the State Court is Appropriate in This Case.

Defendants argue that the F & R improperly rejected their alternative request for a stay of this action.  See ECF No. 42, PageID # 1511.  Defendants contend they are entitled to a stay under Burlington because a stay "'preserves the state's interest in its own procedures' while also maintaining 'an appropriate balance of federal-state jurisdiction' by giving deference to the party invoking federal diversity jurisdiction." See id., PageID # 1512 (citing Burlington, 758 F. Supp. 2d at 1146).

The statement in Burlington is inapplicable here, given the differences between Burlington and the instant case.  In Burlington, the claim for declaratory relief was originally filed in federal court, so there was no possibility of remand.  758 F. Supp. 2d at 1127.  Faced with the choice of whether to stay the declaratory relief case or dismiss it, the court concluded that a stay would "preserve the state's own interest in its procedures" by allowing the state court the opportunity to rule in the first instance on any issues common to both actions, while also giving deference to the intent of the party filing the declaratory

24

relief claim to have the case heard in the forum of its choice. Id. at 1146.  Burlington thus did not address the issue that Defendants cite it for, namely, whether staying the federal case is preferable to remanding this case to the state circuit court.

Staying a case may be appropriate in certain instances, but not in this instance.  When, as in this case, the court's ruling on Choy's declaratory relief claim and Continental's counterclaim will necessarily involve the determination of an important state law issue that Hawaii's courts have not yet addressed, it is appropriate to remand the case.  Were this court to stay the case, it would in all likelihood have to eventually weigh in on Defendants' right to reimbursement.  Furthermore, because many of the coverage questions turn on facts to be litigated in the underlying state court action, the state court already tasked with those findings will be the most appropriate forum in which to adjudicate Choy's entitlement to coverage from Defendants.

The Magistrate Judge appropriately recommended that this court exercise its discretion to remand Choy's action to the state court.

V.        CONCLUSION.

Having reviewed the portions of the F & R objected to, the court adopts all of the Magistrate Judge's findings, as well as the recommendation that Choy's motion to remand be granted.

25

The Clerk of Court is directed to close this case and to send a certified copy of this order to the Clerk of the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 25, 2015.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Daniel T.M. Choy v. Continental Casualty Company, et al., Civ. No. 15 00281 SOM/KSC; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND